

# MEMO ENDORSED

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JAMES MIRRO
*Special Assistant Corporation Counsel*
phone (212) 788-8026   fax (212) 788-9776

March 13, 2007

**BY FAX**

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/07
```

     Re:    *Tikkun v. The City of New York, et al.*
           (USDC SDNY 05 CV 9901 (KMK) (JCF))

Dear Judge Francis:

       I write to respond to Andrea Ritchie's letter to the Court dated March 12, 2007, which was served on defendants late last evening.

       Defendants have proposed dates for each of the named defense witnesses sought by plaintiff. Of the nine individuals identified by name in plaintiff's deposition notice, defendants provided proposed deposition dates for three of them (Pyros, Lamendola and Thompkins) by email on March 8 (Exhibit "A"). Of the remaining six, I have been able to identify five (Taylor, Fredericks, Giordano, McFarland and Rivera). Although I have not yet been able to meet or talk with four of those five individuals, I have today emailed plaintiff's counsel with proposed deposition dates for each of them (Exhibit "B"). We have been unable to identify anyone with the name "Czal" (the name provided in plaintiff's deposition notice) and have been unable to determine the correct name or identity of that person.

       The deposition dates provided are the soonest available. In coordinating the deposition schedule of defense witnesses, I must consider the interests of the other RNC plaintiffs' counsel when scheduling depositions (as well as our own needs in preparing those witnesses and in conducting depositions of plaintiffs). Ms. Ritchie is not the only RNC plaintiff's counsel seeking deposition dates from us. Indeed, as I have advised her, other plaintiffs' counsel have noticed many depositions ahead of hers (Exhibit "C"). We are doing our level best to schedule all of these depositions in a way that minimizes conflicts between the various parties and minimizes the need for constant oversight and intervention by the Court. As

I advised Ms. Ritchie in a recent email, I cannot pile depositions on top of one another (and if I could, it would present conflicts for other plaintiffs' counsel who then would be precluded from attending one or more of the overlapping depositions).

In this case, as I advised plaintiff on March 8 (Exhibit "A"), we have multiple depositions of defense witnesses scheduled for each week between now and May 3. Those dates themselves were the subject of several prior applications to the Court. Now that they are set and the din has died down with respect to them (at least for the moment), it does not seem prudent to shuffle them in favor of plaintiff Tikkun. Instead, as I have advised her, I have proposed dates for depositions in her case to commence on the next available dates. Plaintiff Tikkun's depositions do not proceed back to back, however, because other plaintiffs' counsel also want deposition dates as soon as possible (and none want long gaps between their depositions). Thus, in May, I have proposed deposition dates for witnesses noticed by at least three separate plaintiffs' counsel. Recognizing that Ms. Ritchie may be concerned about being precluded from taking depositions after the date set for the discovery close, I have assured her (and repeat here) that defendants will not object to her request to take such depositions on the basis of that deadline.

Defendants therefore request that the Court permit the parties to schedule depositions in this matter beyond May 1 (as contemplated by the schedule submitted as Exhibit "B"). The Court previously has allowed this and has ruled that, where proposed dates are provided to counsel as far in advance as those here, defendants need not provide multiple proposed dates for each witness in the first instance (and defendants stipulate that if the dates proposed here do not work for interested counsel, other dates will be offered). If this application meets with your approval, would you please "so order" it? Thank you.

Very truly yours,

*[signature]*
James Mirro

cc: Andrea Ritchie, Esq. (by fax)

4/3/07

Application granted. Counsel are cautioned, however, that this will not result in a wholesale modification of the case management order.

SO ORDERED.
*[signature]* James C. Francis IV
USMJ