Andrea J. Ritchie, Esq.
428 Park Pl., 2B
Brooklyn, NY 11238
(646) 831-1243 · andreajritchie@aol.com

**MEMO ENDORSED**

August 6, 2007

Hon. James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007-1212

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/07

**VIA FACSIMILE: (212) 805-7930**

Re:   *Tikkun v. City of New York, et al.*
      05 Civ. 9901 (KMK) (JCF)

**REQUEST FOR EXPEDITED RELIEF - TIME SENSITIVE**

Dear Judge Francis:

Plaintiff seeks expedited relief in the above-captioned case with respect to defendants' failure to respond to discovery requests concerning the identities of individuals who conducted an unlawful search of her person during her detention at the Mass Arrest Processing Center (MAPC) in connection with her arrest during the Republican National Convention.

As both the defendants and the Court are aware, the deadline for asserting claims against individual defendants under the relevant statute of limitations is rapidly approaching. Over the past year, plaintiff has consistently and persistently sought discovery of the identities of any NYPD or DOC employees who had contact with her during her detention at MAPC. *See, e.g.* Plaintiff's First Set of Interrogatories and Requests for Production of Documents,[1] served August 1, 2006 (Exh. A); December 15, 2006 letter from A. Ritchie to J. Mirro (Exh. B); Plaintiff's Notice of Depositions served

---

[1] Plaintiff's First Set of Interrogatories and Requests for Production of Documents No. 9, specifically asks defendants to "[i]dentify all NYPD or DOC employees who had any contact with plaintiff at Central Booking or the Mass Arrest Processing Center." Additionally, Interrogatory No. 1 asks defendants to identify "any and all NYPD officers who were present at or participated in the incident or any portion of the incident..." Finally, Document Request No. 1 asks for command log and other log book entries, which clearly include attendance logs which would reveal the identities of officers present at MAPC during plaintiff's detention there.

In their responses, served January 24, 2007, defendants asserted with respect to Interrogatory No. 9 that they were then unaware of the identity of such officers, but would supplement their response if and when additional information becomes available.

1

February 1, 2007[2] (Exh. C); February 19, 26, March 5, 14, April 2, and June 25, 26, 2007 e-mails from A. Ritchie to J. Mirro (Exh. D).

On July 26, 2007, defendants produced Sgt. Evelyn Rivera for a deposition pursuant to plaintiff's February 1, 2007 notice. During the course of the deposition, Sgt. Rivera admitted that she had in fact conducted a search of plaintiff during her detention at MAPC, with the assistance of one or two other officers. Prior to Sergeant Rivera's deposition, defendants failed to supplement their answers to plaintiff's interrogatories to indicate Sergeant Rivera was one of the officers who searched Ms. Tikkun.[3] Interestingly, although Sgt. Rivera claimed to recall the precise circumstances of the search and plaintiff's conduct, Sgt. Rivera maintained that she was unable to recall the identities or provide a description of the individuals who conducted the search with her.[4]

Sgt. Rivera did confirm, however, the existence of attendance logs in which individuals reporting for duty in the area she was supervising at the MAPC were required to sign in and out. Plaintiff immediately called for production of said logs during the deposition, and followed up with a letter to defense counsel the next day. July 27, 2007 letter to J. Mirro (Exh. E). Notwithstanding plaintiff's repeated requests over the course of the past year for the information these logs would reveal, as well as plaintiff's recent reiteration of this request with respect to the logs Sgt. Rivera referred to in her deposition testimony, defendants have yet to respond to plaintiff's July 27, 2007 letter in any fashion or produce *any* attendance or sign in logs for the MAPC.[5]

---

[2] On February 1, 2007, pursuant to the case management order in place in this matter at that time, plaintiff noticed, *inter alia*, "[u]nidentified JANE DOE defendants who conducted any search(es) of plaintiff Kaitlyn Tikkun at MAPC on or about August 31 or September 1, 2004 (to be identified by Defendants with particularity)."

[3] Sgt. Rivera unequivocally admitted during her deposition testimony both: (1) that she had participated in a search of the plaintiff, and (2) that she has had several conversations with the Law Department since her deposition was first noticed. However, defendants *never* supplemented their response to Interrogatory No. 9 to identify her as an individual with relevant knowledge. Moreover, defendants improperly claimed that they were unable to admit or deny Requests to Admit Nos. 31 ("plaintiff Tikkun was subjected to a pat down search by at least one female NYPD employee"), and 34 ("no weapon or controlled substance was found on plaintiff Tikkun at any time"), notwithstanding the fact that Sgt. Rivera's deposition testimony conclusively establishes these points.

[4] Sgt. Rivera's memory lapse in this regard is all that much more troubling given that the document produced at Bates No. 000090267 indicates that individuals who were to be assigned to the area she supervised during the Republican National Convention were all normally stationed at Bronx Central Booking, where Sgt. Rivera worked as a supervisor for a number of years. Lt. Thompkins confirmed in her deposition testimony that individuals assigned to the female area of MAPC on her tour were from Bronx Central Booking.

[5] While some detail rosters for officers assigned to the Mobile Field Forces on August 31, 2004 were produced at Bates Nos. 7,731-8,025, and some (although notably *none* from August 31, 2004) Detail Roster/Assignment Sheets and what appear to be Attendance Logs for Pier 57 were

2

Defendants are well aware that such documents are not only responsive to discovery requests made by the plaintiff in *this* case, but also to plaintiffs' consolidated discovery requests in the RNC cases. Yet defendants appear to have made absolutely no effort over the past year to locate or produce attendance logs for MAPC. While defendants will undoubtedly claim that conducting the investigation required to locate and produce these logs before the statute expires is unduly burdensome, such an assertion is firmly belied by the fact that they were able to locate and produce some of these very same documents for the Post-Arrest Staging Site (PASS) as early as February 2006, but have delayed seeking out and producing the logs for the MAPC until the eve of the expiration of the statute.

Similarly, defendants have continued to stonewall plaintiff's attempts to identify the individuals who searched her or otherwise engaged in unconstitutional conduct with respect to her. *See, e.g.*, July 27, 2007 letter from A. Ritchie to J. Mirro (Exh. E); July 16, 2007 letter to the Court raising, *inter alia*, defendants' failure to identify the individual who provided information relied upon to respond to Request to Admit No. 47. Defendants' transparent attempt to wait out the statute of limitations with respect to claims asserted against these individual defendants cannot be allowed to succeed.

In the absence of the requested expedited relief, plaintiff will be severely prejudiced by defendants' continued flaunting of their discovery obligations in this case in the face of plaintiff's continued and repeated efforts, using every discovery tool at her disposal, to ascertain the identities of the relevant individuals, and her good faith reliance on defense counsel's repeated representations that investigations into the facts of the case were ongoing and that the information requested would be provided "as soon as possible."

Accordingly, plaintiff respectfully asks this Court to enter an order requiring defendants to <u>immediately</u> produce attendance logs, sign in sheets, and any other documents identifying NYPD or DOC employees present at MAPC on August 31 and September 1, 2004, as well as all other information and documents requested of defense counsel in her letter of July 27, 2007 (Exh. E). In the event the Court would like briefing on the issues, plaintiff respectfully requests that an expedited briefing schedule be put in place such that the issues may be resolved in sufficient time to allow for amendment of the Complaint prior to the August 31 expiration of the statute.

Respectfully submitted,

Andrea Ritchie
Andrea Ritchie
(AR 2769)
Counsel for Plaintiff Kaitlyn Tikkun

cc:   James Mirro, Esq.

8/8/07
Application granted.
SO ORDERED.
James C. Francis IV

produced at Bates Nos. 90,211-90358, no such documents for the Mass Arrest Processing Center are included in defendants' production to date.

3