**Andrea J. Ritchie, Esq.**
**428 Park Pl., 2B**
**Brooklyn, NY  11238**
**(646) 831-1243 • andreajritchie@aol.com**

---

August 30, 2007

Hon. James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1960
New York, New York  10007-1212

**VIA FACSIMILE: (212) 805-7930**

    Re:    *Tikkun v. City of New York, et al.*
             05 Civ. 9901 (KMK) (JCF)

Dear Judge Francis:

    Plaintiff submits this letter-brief in support of her motion for leave to amend the Complaint in the above-referenced case. Both redlined and clean copies of the proposed Amended Complaint are attached hereto.

    On November 22, 2005, plaintiff filed her seventeen claim complaint against the City of New York, naming New York City officials, New York City Police officials, New York City Department of Corrections officials, and several unnamed Doe officers, for the violation of rights guaranteed by the United States and New York State Constitutions and federal and state law when she was falsely arrested on August 31, 2004 on 16th Street between Union Square East and Irving Place, unlawfully searched and detained, and excessively confined in violation of her First, Fourth, and Fourteenth Amendment rights. Plaintiff also sued defendant City of New York pursuant to *Monell* for damages and injunctive relief with respect to unlawful and unconstitutional policies and practices resulting in damages to her, and raised several state law claims. This represents plaintiff's first motion for leave to amend the Complaint in this action since it was initially filed on November 22, 2005.

    Plaintiff seeks to amend her Complaint to add: (1) multiple individual defendants who have been identified through discovery as responsible in whole and/or in part for her false arrest, unlawful search and detention, and malicious prosecution; (2) a constitutional challenge to the defendants' admitted policy of fingerprinting all persons arrested in connection with the 2004 Republican National Convention ("RNC"); (3) a constitutional challenge to the alleged policy and/or practice of instituting a system of false sworn statements by police officers to attempt to justify unlawful and indiscriminate mass arrests; (4) a facial and as-applied challenge to the enforcement during the RNC of N.Y.C. Admin. Code § 10-110 (Parading Without a Permit); (5) a facial and as-applied challenge to the enforcement during the RNC of N.Y. Penal Law

1

§240.20(5) (Disorderly Conduct); (6) a claim under 42 U.S.C. §§ 1981 & 1983 for individual supervisory liability; (7) a claim for failure to intervene; (8) a claim for denial of the constitutional right to a fair trial; and (9) a request for the retrieval, destruction and/or expungement of fingerprint, arrest records and/or mentions in databases of plaintiff. Plaintiff also seeks to clarify her First, Fourth Amendment and Fourteenth Amendment claims.

### A. Legal Standard

Under Rule 15(a) of the Fed. R. Civ. P., leave to amend a pleading "shall be freely given when justice so requires." The U.S. Supreme Court has held that, as a general rule, amendments are favored in order "to facilitate a proper decision on the merits," *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting *Conley v. Gibson*, 355 U.S. 48 (1957)), and should be granted absent a showing by the non-moving party of undue delay, bad faith, prejudice, or futility. *See Foman*, 371 U.S. at 182; *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000). Likewise, this Circuit has "interpreted [Rule 15(a)'s] instruction in favor of allowing the amendment absent a showing by the non-moving party of bad faith or undue prejudice." *Anthony v. City of New York*, 339 F.3d 129 (2d Cir. 2003).

### B. Proposed Additional Defendants

Plaintiff seeks to add the following new individual defendants for the reasons outlined herein: Nicholas Estavillo, Former Chief Of Patrol, New York City Police Department; Patrick Devlin, Former Assistant Chief, Criminal Justice Bureau; Stephen Hammerman, Deputy Commissioner for Legal Matters, New York City Police Department; Thomas Doepfner, Assistant Deputy Commissioner for Legal Matters, New York City Police Department; Kerry Sweet, Deputy Inspector, New York City Police Department; Ruby Marin-Jordan, Senior Counsel, New York City Police Department; Legal Bureau Supervisor(s) at Pier 57; Legal Bureau Supervisor(s) at MAPC; Thomas Purtell, Assistant Chief, Patrol Borough Bronx; Terence Monahan, Assistant Chief of the Bronx Borough Command, New York City Police Department; Gerald Dieckmann, Inspector, New York City Police Department; Thomas Galati, Deputy Inspector, New York City Police Department; NYPD Capt. Alexander Laera; NYPD Capt. Paul DeEntremont; NYPD Capt. Anthony Johnson; NYPD Lt. Daniel Albano; NYPD Lt. John Connolly; NYPD Lt. Patrick Cortright; NYPD Lt. Mark Keegan; NYPD Sgt. (First Name Unknown ("FNU")) Saldo, Queens South Task Force; NYPD Sgt. Evelyn Rivera (Shield # 4934); NYPD Sgt. (First Name Unknown ("FNU")) Hernandez; NYPD Police Officers P.O. Joseph Lamendola (Shield #15378); P.O. (First Name Unknown ("FNU")) Stremel; P.O. (First Name Unknown ("FNU")) Barnes; P.O. (First Name Unknown ("FNU")) Veerapen; P.O. (First Name Unknown ("FNU")) Sims; P.O. C. Gatling; P.O. D. Edwards; P.O. G. Gethers; P.O. D. Jacques; P.O. (First Name Unknown ("FNU")) Carr; P.O. W. Campbell; P.O. G. Cancel; P.O. S. Feagins; P.O. J. Harrison; P.O. P. Harris; P.O. A. Rubio; P.A. (First Name Unknown ("FNU")) Blakeney; P.A. (First Name Unknown ("FNU")) Works; P.A. (First Name Unknown ("FNU")) Pagan; P.A. (First Name Unknown ("FNU")) Williams-Robinson; P.A. (First Name Unknown ("FNU")) Williams-Anderson; and James Doe 1, Emergency Medical Technician, who conducted a pre-arraignment medical screening of Kaitlyn Tikkun on September 1, 2004 at or about 7:12 am and/or whose signature appears at Bates No. TIK (D) 0130.

Five of the proposed new defendants (Deputy Commissioner Stephen Hammerman, Asst. Deputy Commissioner Thomas Doepfner, Lt. Daniel Albano, Deputy Inspector Kerry Sweet, and Senior Counsel Ruby Marin-Jordan) are from the NYPD Legal Bureau. With respect to these five proposed defendants, plaintiff relies on the arguments raised in the memorandum of law submitted by class counsel in *MacNamara, et al. v. City of New York, et al.*, 04cv9216.

Proposed new defendants Estavillo, Devlin, Monahan, Purtell, Dieckmann, Galati, Laera, DeEntremont, Johnson, Connolly, Cortright, and Keegan are officers whose decision-making and supervisory roles in the development and implementation of the City's indiscriminate mass arrest policy, arrest processing, and detention procedures during the RNC, as well as in the decision to arrest plaintiff along with hundreds of other individuals at E. 16th Street on August 31, 2004, came to light in the course of discovery in the consolidated RNC cases over the past year. In the interests of efficiency, plaintiff has elected to make a single motion to amend her Complaint reflecting as comprehensive a list of proposed new defendants as possible, rather than filing sequential motions as the identities of individuals along the NYPD chain of command involved in violations of plaintiff's constitutional rights came to light as discovery unfolded. This approach has resulted in absolutely no prejudice to defendants, as these individuals have been named as defendants for some time in a number of other consolidated RNC cases, and in fact are on the list of individuals with knowledge of planning, preparation, policing and arrest processing for the RNC, as well as of the events at 16th Street, produced by the City itself in *Bastidas v. City of New York et al.*, 05cv7670, on April 4, 2007.

Proposed defendant NYPD Officer Lamendola was plaintiff's assigned arresting officer, and signed the charging documents in the criminal case brought against her following her arrest on E. 16th Street. Moreover, in the week preceding his recent deposition, in the course of a discussion concerning production of Officer Lamendola's memo book for the period of the RNC, the undersigned advised the Assistant Corporation Counsel assigned to this case that plaintiff would be naming Officer Lamendola as a defendant. Opposing counsel voiced no objection to same at that time. At his deposition, Officer Lamendola identified Sgt. Saldo as his immediate supervisor in the field on August 31, 2004.

Proposed defendant Rivera's identity as one of the individuals who conducted an unlawful search of plaintiff was not revealed until her deposition a little over a month ago, despite countless discovery requests for this information over the course of the past year. Accordingly, defendants cannot possibly claim undue delay or prejudice with respect to the addition of this proposed defendant when the fact that plaintiff only recently became aware of her identity was a direct result of defendants' failure to comply with their discovery obligations.

With respect to proposed defendants Hernandez, Stremel, Barnes, Veerapen, Sims, Gatling, Edwards, Gethers, Jacques, Carr, Campbell, Cancel, Feagins, Harrison, Harris, Rubio, Blakeney, Works, Pagan, Williams-Robinson, and Williams-Anderson, Sgt. Rivera testified during her recent deposition that at least one, if not two, other individuals were involved in the search in question. She maintained, however, that she

3

was unable to recall the names or identities of those individuals. Because defense counsel has made it impossible for plaintiff to identify the other individuals involved in the search, plaintiff has no choice but to add all possible candidates.

Plaintiff learned for the first time during Sgt. Rivera's deposition, despite repeated requests for such information over the past year, that attendance logs and sign-in sheets were kept for the NYC employees who worked at the MAPC during the RNC. Plaintiff simultaneously called for their production.

Although, on August 9, 2007, this Court, pursuant to plaintiff's motion to compel production of these documents, ordered defendants to produce the MAPC sign-in sheets and attendance logs "immediately," defendants did not produce any information responsive to the Court's Order until late Friday, August 17, 2007. At that time, defendants produced an 11 page document denominated "MAPC Staffing," which appears to represent a duty roster of individuals assigned to the Mass Arrest Processing Center during the RNC. The names of these proposed defendants are listed on this document as being assigned to "desk/cells (F)," "female search" "MAGS female" (presumably, magnetometers), "intake female" and "female cells/mvmt." ***In direct violation of this Court's August 9, 2007 Order, the document produced (attached as Exh. A) does not in any way indicate which of these individuals were assigned to these posts during the period of plaintiff's detention at MAPC***. Despite numerous subsequent requests on plaintiff's part, to date defendants have yet to provide this information as instructed by the Court. Accordingly, in light of the imminent expiration of the statute of limitations for federal claims, plaintiff has no choice but to name all 21 individuals who could possibly have participated and/or failed to intervene in the unlawful search of plaintiff's person.

Finally, with respect to proposed defendant "James Doe 1, Emergency Medical Technician, Who Conducted A Pre-Arraignment Medical Screening Of Kaitlyn Tikkun On September 1, 2004 at or about 7:12 am and whose signature appears at Bates No. TIK (D) 0130," plaintiff noticed the deposition of Emery Taylor, the individual whose stamped signature appears on her pre-arraignment medical screening form, on February 1, 2007. On April 9, 2007, defendants proposed a date of June 12, 2007 for Mr. Taylor's deposition. Approximately one week prior to his deposition, defendants requested a continuance, representing that Mr. Taylor was unavailable on that date, despite the fact that it had been set two months prior. The deposition was continued to July 23, 2007. Approximately one week prior to that date, the Assistant Corporation Counsel assigned to this case represented to the undersigned that he had just spoken with Mr. Taylor and that Mr. Taylor indicated that he had in fact *not* conducted Ms. Tikkun's pre-arraignment medical screening, but rather had provided a number of blank forms with his stamp on them to other individuals who were conducting such screenings. Plaintiff immediately requested an affidavit from Mr. Taylor to this effect as well as the identity of the individual who did, in fact, conduct Ms. Tikkun's medical screening. Once again, despite numerous follow up requests, defendants have failed to provide this information.

In light of the above, plaintiff has named the individual she believes to be responsible for violation of her constitutional rights in this respect with as much specificity as she can at this time given defendants' failure to provide information

4

exclusively within their knowledge. The facts underlying plaintiff's claim against this individual, namely that she was denied medical treatment during her detention at the MAPC and subjected to invasion of her privacy and transphobic harassment by this individual, are outlined in considerable detail in the initial Complaint filed on November 22, 2005. In light of their own failure to comply with their discovery obligations, defendants cannot possibly argue that plaintiff has unduly delayed in ascertaining the identity of the individual in question, or that they are in any way prejudiced by the manner in which she seeks to identify this individual in her proposed Amended Complaint.

There is no prejudice whatsoever to defendants in the addition of all of the proposed defendants listed above. The identities of these individuals and the roles they played in effecting arrests at 16th street on August 31, 2007, the subsequent detention and processing of the arrestees at Pier 57 and the Mass Arrest Processing Center, and in designing and implementing the policies and practices challenged in plaintiff's initial and proposed Amended Complaint, were at all times available to defendants. Given that plaintiff served Plaintiff's First Set of Interrogatories and Requests for Production of Documents over a year ago, and yet has been forced to file multiple motions to compel responses to those discovery requests, no reasonable argument can be made that plaintiff has exhibited any undue delay or bad faith in now filing an Amended Complaint at the close of the statute of limitations. Indeed, if any party has exhibited bad faith over the course of this litigation, it is defendants in their approach to their discovery obligations and compliance with this Court's Orders. Finally, there is no undue hardship presented to the additional proposed defendants as, upon information and belief, the City of New York, through its Corporation Counsel, will represent all newly added defendants.

C. **ADDITION OF NEW CLAIMS**

The proposed Amended Complaint adds: (1) a constitutional challenge to defendants' admitted policy of not considering individuals arrested in connection with RNC-related events for summonses or Desk Appearance Tickets; (2) a constitutional challenge to the defendants' admitted policy of fingerprinting all persons arrested in connection with the 2004 Republican National Convention ("RNC"); (3) a constitutional challenge to the alleged policy and/or practice of instituting a system of false sworn statements by police officers to attempt to justify unlawful and indiscriminate mass arrests; (4) a facial and as-applied constitutional challenge to the enforcement during the RNC of N.Y.C. Admin. Code § 10-110 (Parading Without a Permit); (5) a facial and as-applied constitutional challenge to the enforcement during the RNC of N.Y. Penal Law § 240.20 (Disorderly Conduct); (6) a claim under 42 U.S.C. §§ 1981 & 1983 for individual supervisory liability; and (7) a request for the retrieval, destruction and/or expungement of fingerprint, arrest records and/or mentions in databases of the plaintiff. Plaintiff Tikkun relies on the memorandum of law submitted by class counsel in *MacNamara et al. v. City of New York, et al.*, 04 Cv. 9216, in support of leave to add these new claims.

The proposed Amended Complaint also adds proposed claims for (1) failure to intervene and (2) denial of the constitutional right to a fair trial. Plaintiff Tikkun relies

5

on the arguments made by Ms. Weber, who serves as co-counsel in this case, in support of leave to add these new claims in *Moran, et al. v. City of New York, et al.,* 05 cv. 1571.

Finally, the proposed Amended Complaint clarifies claims asserted in the initial Complaint under the First, Fourth and Fourteenth Amendments of the U.S. Constitution in connection with defendants' indiscriminate mass arrest and excessive and unreasonable detention policies and practices, as well as with the unlawful searches of plaintiff's person. The Complaint originally filed in this case clearly indicated that plaintiff was proceeding, *inter alia*, pursuant to the First, Fourth and Fourteenth Amendments, and specifically alleged that plaintiff was subjected to violations of her rights to peacefully assemble and associate, to be free from unreasonable search and seizure, and to receive equal protection under the law. Stating additional factual bases for each of these causes of action in greater detail, and in some instances in separate claims for purposes of clarity, is merely an amplification of prior pleadings.

The proposed amendments to the Complaint in this case are not prejudicial to defendants. Plaintiff's initial Complaint clearly delineated the factual premise for plaintiff's claims, and made obvious, through the use of John and Jane Doe and defendants, that plaintiff expected to identify additional defendants involved in those acts as discovery proceeded. Furthermore, with the exception of the allegations against the NYPD Legal Bureau, all of the newly pled claims in the proposed Amended Complaint were previously asserted in other RNC-related actions, with which this case has been consolidated for purposes of discovery.

For these reasons and as justice requires, plaintiff respectfully requests leave to file the proposed Amended Complaint.

## **CONCLUSION**

The Supreme Court has stated that plaintiffs should be permitted to obtain "a proper decision on the merits" of their claims. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103 (1957). No undue delay, bad faith, or prejudice to the opposing parties would result from allowing the proposed amendments to the Complaint. For the reasons stated above, and because justice so requires, plaintiff respectfully requests that her Motion for Leave to File an Amended Complaint be granted, together with such further and additional relief as the Court deems appropriate.

Respectfully submitted,

/s

Andrea J. Ritchie (AR 2769)

cc:   RNC counsel (by ECF & e-mail distribution list)