



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Gerald S. Smith**
*Assistant Corporation Counsel*
gsmith@law.nyc.gov
Tel: (212) 513-7927
Fax: (212) 788-9776

October 17, 2007

**BY HAND DELIVERY**

**MEMO ENDORSED**

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

      Re:      <u>Tikkun v. City of New York, et al.</u>, 05 CV 9901 (RJS)(JCF)

Dear Judge Francis:

      Defendants write to request that, pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure, plaintiff's claims for emotional distress be dismissed with prejudice. Plaintiff has refused to produce any documents related to her psychiatric or medical care. Plaintiff also refused to answer any questions concerning psychiatric and medical care during her deposition, notwithstanding an instruction by this Court that refusal to answer such questions would result in the dismissal of her claims. Therefore, in accordance with this Court's instruction at plaintiffs' deposition as well as prior rulings in other RNC cases, Defendants request that the Court dismiss plaintiffs' claims for emotional distress with prejudice.

      Plaintiff has alleged emotional distress as a result of her arrest and detention.[1] As Your Honor is aware, in the consolidated RNC cases, those plaintiffs who have alleged emotional distress damages have been compelled to: "(1) identify all providers who have provided them psychological or psychiatric counseling or treatment, (2) provide releases with respect to records maintained by these providers, and (3) provide releases for all pharmacies that have filled prescription drugs used by plaintiffs in connection with any psychological or emotional conditions."[2] On April 4, 2007, Your Honor dismissed the emotional distress claims of various <u>Abdell</u> plaintiffs who refused to comply with the Court's order requiring disclosure of

---

[1]     See Complaint at ¶¶ 95, 101, 104, 120, 127, 134, 146, 151, 154, 159, 178, 179-184 (Intentional Infliction of Emotional Distress Under New York State Law), 185-190(Negligent Infliction of Emotional Distress Under New York State Law), 195, 200, and 204 attached as Exhibit A.

[2]     See Your Honor's November 16, 2006 Order in <u>Abdell v. City of N.Y.</u> attached as Exhibit B.

documents, releases and information relating to their mental health history.[3] Similarly, on August 24, 2007, Your Honor dismissed the claims of numerous Adams plaintiffs who failed to provide discovery of their psychological histories.[4] Moreover, Judge Karas recently upheld the dismissal of RNC plaintiffs' mental-health related claims based on their failure to provide this type of discovery.[5] Significantly, Judge Karas upheld the dismissal under the *de novo* standard.[6]

Despite these rulings, plaintiff in the instant case has refused to produce any of the aforementioned documents or information. In a letter dated October 8, 2007, Plaintiff's counsel stated that plaintiff would not be producing plaintiff's medical records.[7] (See Letter from Andrea Ritchie dated October 8, 2007 attached as Exhibit F). In addition, plaintiff refused to answer questions during her October 10, 2007 deposition regarding her medical and psychiatric care. Plaintiff refused to answer such questions after an order by Your Honor during a telephone conference that such refusal would result in a dismissal of claims for emotional distress.[8]

Accordingly, for the above reasons as well as for the reasons cited by this Court in its previous Orders, Defendants respectfully request that all of plaintiff's claims for emotional distress stated in her Complaint, including her claims for intentional and negligent infliction of emotional distress under New York State Law, be dismissed with prejudice.

Respectfully submitted,

Gerald S. Smith
Assistant Corporation Counsel

cc: Andrea J. Ritchie, Esq. (via fax w/o exhibits and email w/exhibits)

*[Handwritten order: 11/5/07 — Application granted. Plaintiff has not distinguished her case from Cohen and other RNC cases addressing this issue. SO ORDERED. James C. Francis IV, USMJ]*

---

[3] See Your Honor's April 4, 2007 Order in Abdell attached as Exhibit C.
[4] See Your Honor's August 24, 2007 Order in Adams attached as Exhibit D.
[5] See Judge Karas' September 21, 2007 opinion and order in Cohen v. City of N.Y. attached as Exhibit E.
[6] See id.
[7] Notably, one of the reasons stated for plaintiff's refusal to provide medical records was the fact that plaintiff's counsel "disagree[d] with Judge Karas' ruling." Defendants assume plaintiffs are referring to Judge Karas' September 21, 2007 order attached as Exhibit E.
[8] Defendants have not yet received a copy of the transcript of Ms. Tikkun's October 10th deposition but upon receipt will provide pertinent portions if the Court requests.

2