**Andrea J. Ritchie, Esq.**
**428 Park Pl., 2B**
**Brooklyn, NY 11238**
**(646) 831-1243 • <u>andreajritchie@aol.com</u>**

---

November 19, 2007

Hon. James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007-1212

**<u>VIA FACSIMILE: (212) 805-7930</u>**

      Re:      *Tikkun v. City of New York, et al.*
                 05 Civ. 9901 (KMK) (JCF)

Dear Judge Francis:

      Plaintiff writes in opposition to defendants' October 17, 2007 motion to dismiss with prejudice plaintiff's claims for emotional distress in the above referenced case, and asks this Court to reconsider its instruction ordering plaintiff to respond to questions regarding psychiatric treatment and conditions during her October 10, 2007 or bear the burden of dismissal of her emotional damages claims.

      As stated in our October 7 letter to defendants[1] and reiterated during the oral argument preceding the Court's instruction during plaintiff's deposition, we respectfully disagree with the proposition that any claim of mental anguish, suffering or distress constitutes a broad waiver of the psychotherapist-patient privilege.

      In this case, in the paragraphs of the Complaint cited by defendants, plaintiff is claiming no more than the emotional distress "that any healthy, well-adjusted person would likely feel as a result" of being falsely arrested, maliciously prosecuted, and having an officer of the law conduct a violent, forcible, non-consensual search involving the officer sticking their hands down their pants in order to touch their genitalia and squeezing their breasts, engage in invasive and inappropriate inquiries as to their sexual orientation, and sexually harass them. *See Kunstler v. City of New York et al.*, 04 cv 1145 at 24 (August 29, 2006, S.D.N.Y.).

      Plaintiff explicitly stipulated through counsel's October 8, 2007 letter and subsequent amendments to her responses to defendants' discovery requests that she is

---

[1] Exhibit F to defendants' October 17, 2007 motion to dismiss.

1

not claiming to have sustained any serious, diagnosable psychological injuries or any aggravation of any pre-existing psychiatric condition as a result of defendants' misconduct. *See id.* at 19, 25-6. Nor is she claiming that she sought any medical treatment in connection with any emotional injury she sustained as a result of the conduct alleged in the Complaint. *See id.* at 27-28. To the extent that any such claims could conceivably be perceived to have been made previously, including during her 50-H hearing, they have been withdrawn. In so doing, plaintiff has "abjur[ed] any contention in this case that [she] suffered more than the sort of emotional distress that any healthy person might feel as a result of being arrested allegedly without basis and in some cases with excessive force, and then being held in custody for many hours, followed by the pendency of criminal charges." *See id.* at 28.

Moreover, plaintiff does not intend to offer any psychiatric records or testimony on the part of treating psychiatrists or therapists in support of her emotional damages claim, nor does she herself intend to testify as to the onset or aggravation of any serious psychological condition as a result of her arrest, detention, and subsequent prosecution. *See id.* at 24, 28 n.13. Her testimony in support of the claims of emotional distress made in the paragraphs of the Complaint cited by defendants will be limited to a description of the mental anguish she suffered during and for a short period of time following her incarceration, including fear, shock, and humiliation, sleep disruption, and nightmares, and to her ongoing fear of New York City police officers and anxiety relating to attendance at or participation in events that might be perceived by police to be political demonstrations.

In other words, plaintiff is limiting her emotional damages claims to what is frequently referred to as a "garden variety" emotional distress claim, the assertion of which "most courts," including several within the Southern District,[2] have rejected as a basis for automatic waiver of the absolute psychotherapist-patient privilege established by the U.S. Supreme Court in *Jaffee v. Redmond* 518 U.S. 1 (1996).

Accordingly, we respectfully submit, notwithstanding prior rulings in RNC-related cases, that plaintiff in this case should not be deemed to have explicitly or implicitly waived the psychotherapist-patient privilege, should not be compelled to provide her mental health treatment records to the defendants or to answer questions relating to psychiatric treatment or conditions, and should not be penalized for failure to do so with the harsh sanction of dismissal of her emotional distress claims pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b) that defendants seek.

The same result could be achieved pursuant to Fed. R. Civ. P. 26(c), which allows for the Court, in its discretion, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Ms. Tikkun has an extensive psychiatric history, which, as she pointed out in

---

[2] *Kunstler v. City of New York et al.*, 04 cv 1145 at 19, 24 (August 29, 2006, S.D.N.Y.) (citing cases); *see also Brown v. Mineta*, Civ. A. No. 03-2524 (October 14, 2005, E.D.N.Y.); Pls. Reply, *Abdell v. City of New York et al.*, 05cv8453 (February 9, 2007) (citing cases) attached as Exhibit A.

her deposition testimony on October 10, 2007, is a necessary corollary to her transgender status and receipt of medical treatment for maintenance of gender identity. The information contained in her mental health records is not only wholly irrelevant to the claims of mental and emotional distress she suffered as a result of her arrest, but is also of an exceedingly private nature. Defendants have not demonstrated any compelling need for such information, particularly in light of the clarification as to the nature of Ms. Tikkun's emotional distress claims offered in counsel's October 8, 2007 letter.

Accordingly, plaintiff respectfully requests that this Court deny defendants' motion to dismiss Ms. Tikkun's claims for emotional damages in connection with her false arrest and imprisonment, malicious prosecution, unlawful search and detention, sexual harassment, and discrimination based on gender identity and sexual orientation.

Respectfully submitted,

Andrea Ritchie (AR 2769)
Counsel for Plaintiff Kaitlyn Tikkun

cc: Assistant Corporation Counsel Gerald Smith (via e-mail)