UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TARASIK ABDELL, et al.,

                                 Plaintiffs,            05 Civ. 8453 (KMK) (JCF)

      -against-

THE CITY OF NEW YORK, et al.,

                                 Defendants.

------------------------------------------------------------X

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTIONS, PURSUANT TO RULE 72, F.R.CIV.P., TO MAGISTRATE FRANCIS' ORDER DISMISSING CLAIMS FOR MENTAL AND EMOTIONAL INJURY

      This Reply Memorandum is submitted in response to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motions for Relief ("Defendants' Memorandum").

### STATEMENT OF FACTS

      Plaintiffs, who allege that their unlawful arrest and detention caused them emotional injury, have refused the City's request that they provide psychotherapy and counseling records for the past 10 years. The sole issue presented for determination is whether or not the plaintiffs, by claiming such emotional injury, have waived the psychotherapy privilege. *Jaffee v. Redmond*, 518 U.S. 1 (1996). With regard to that issue, the relevant facts are:

- None of the plaintiffs sought psychotherapy or counseling in connection with their arrests.

- None of the plaintiffs will support their claim of emotional injury with the testimony of a psychotherapist.

- The plaintiffs all claim that the emotional injury that they suffered was no more than the ordinary distress that any reasonable person might experience as a result of being unlawfully arrested and imprisoned.

- None of the plaintiffs will claim to have suffered a diagnosable mental condition as a result of his or her arrest and detention, nor will any plaintiff claim that the arrest and detention exacerbated any pre-existing mental condition.

- The emotional distress experienced by each plaintiff was limited to the time of arrest and detention and a brief period thereafter.

## ARGUMENT

## I.

### AN ALLEGATION OF, OR TESTIMONY ABOUT, EMOTIONAL DISTRESS DOES NOT WAIVE THE PATIENT-PSYCHOTHERAPIST PRIVILEGE

The defendants are, of course, correct in noting that this Court has previously held in another RNC case, *Hershey-Wilson v. City of New York*, 05-CV-7026 (April 20, 2006), that plaintiffs who have alleged emotional distress as a result of their unlawful arrest and detention have waived the privilege and must produce counseling and psychotherapy records. However, from their one-sided presentation – going so far as to suggest that a court's refusal to permit the City to root through a plaintiff's history of psychotherapy "very likely would amount to a violation of defendants' own due process and other constitutional rights. . ." Defendants' Memorandum at 16[*] – one would hardly know that numerous courts have come to a different conclusion about waiver of the privilege in circumstances such as those presented here.

---

[*]Not surprisingly, the defendants cite no case for this far-fetched proposition.

There are indeed serious and far-reaching constitutional implications to this seemingly routine discovery dispute, although they bear upon plaintiffs' rights, not those of government officials. Whether civil rights plaintiffs allege it or not, there is scarcely a § 1983 case, given the requisite allegation of arbitrary and unlawful behavior by a government official, in which a plaintiff will not have experienced some degree of emotional distress. It is little more than one would expect from what amounts to an act of betrayal by the agents of one's own government. If the price of putting such emotional distress before the finder of fact is the surrender of one's right to personal privacy, then the plaintiff is twice victimized. Some plaintiffs, under such circumstances, will surely forego the opportunity to seek complete vindication of their rights, and the important purpose of § 1983 will be undermined.

Because we believe that the issue before the Court has such potentially important consequences for civil rights litigation, and because nothing in defendants' submission hints at the full range of views on the issue, we offer a brief summary of the body of law that has evolved on the question. We then turn to a discussion of the Second Circuit's decision in *Kerman v. The City of New York*, 374 F.3d 93 (2d Cir. 2004).[**]

### A. The Three Approaches to Waiver of the Privilege.

Federal courts around the country have taken three general approaches in determining the circumstances under which a claim for emotional damages is deemed to constitute a waiver of the psychotherapist-patient privilege. The Second Circuit, however, has not directly addressed

---

[**]Defendants argue that the appropriate standard of review should be the one applicable to non-dispositive matters. Given plaintiffs' position that Judge Francis' decision is in conflict with the holdings in *Jaffee v. Redmond* and *Kerman*, that is, it is "contrary to law", Rule 72(a), F.R.Civ.Proc., there is no need to quarrel about the standard of review.

3

the issue. *See generally* Note, "Certainty Thwarted: Broad Waiver Versus Narrow Waiver of the Psychotherapist-Patient Privilege After Jaffee v. Redmond," 52 Hastings L.J. 1369 (2001). The three approaches, and the rationales underlying each of them, are summarized by the court in *Fitzgerald v. Cassil*, 216 F.R.D. 632, 638 (N.D. Cal. 2003).

  1. **The Broad Approach.** Under the broad approach to waiver, some courts have held that *any* allegation that a plaintiff has suffered emotional distress triggers a waiver of the privilege. This Court in *Hershey-Wilson*, as have most courts in this district, adopted the broad approach. *But see, Greenberg v. Smolka*, 2006 WL 1116521 (S.D.N.Y. 2006). This Court's reasoning, in accordance with other courts adopting the broad approach, is that, having put her mental condition at issue with such an allegation, a plaintiff must be prepared to endure discovery of her history of psychotherapy.

  2. **The Narrow Approach.** Under the narrow approach, courts have held that the plaintiff must affirmatively rely on psychotherapist-patient communications before the privilege will be waived. The court in *Fitzgerald* adopted the narrow approach, reasoning that it was the approach that was most consistent with the privilege-protective spirit of *Jaffee v. Redmond*. *Fitzgerald, supra*, 216 F.R.D. at 639. *See also, Metzger v. Francis Parker School*, 2001 WL 910443 (N.D. Ill. Aug. 10, 2001) (ADA); *Allen v. Cook County Sheriff's Department*, 1999 WL 168466, at * 2 (N.D. Ill. March 17, 1999) (Title VII); *Boyd v. City and County of San Francisco*, 2006 WL 1390423 (N.D. Cal. May 18, 2006) (ADA and § 1983); *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003) (FHA); *Sanders v. DC*, 2002 WL 648965 (D.D.C. Apr. 15, 2002); *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D. Ca. 1999) (ADA); *Morrisette v. Kennebec County*, 2001 WL 969014 (D. Me. August 21, 2001); *Burrell v. Crown Central*

*Petroleum, Inc.*, 177 F.R.D. 376 (E.D. Tex. 1997) (Title VII and 1981); *Booker v. City of Boston*, 1999 WL 734644 (D. Mass. Sept. 10, 1999); *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (D. Mass. 1997).

   **3. The Middle-Ground Approach.** Between the narrow and broad approaches is an approach by which courts have found a waiver of the privilege when the plaintiff has done more than allege "garden-variety" emotional distress. One court has described garden-variety emotional distress as "ordinary or commonplace emotional distress," that which is "simple or usual," in contrast to emotional distress that "may be complex, such as that resulting in a specific psychiatric disorder." *Ruhlmann v. Ulster County Dept. of Social Services*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000). *See also, Santelli v. Electro-Motive*, 188 F.R.D 306 (N.D. Ill. 1999) (Title VII); *Kiermeier v. Woodfield Nissan*, 1999 WL 759485 (N.D. Ill. Sept. 7, 1999) (Title VII); *Adams v. Ardcor*, 196 F.R.D. 339 (E.D. Wis. 2000); *Dominguez-Silva v. Harvey*, 2006 WL 826091 (N.D. Ga., March 23, 2006) (§ 1983); *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551 (N.D. Ga. 2001) (Title VII); *EEOC v. Old Western Furniture Corp.*, 173 F.R.D. 444 (W.D. Tex. 1996) (Title VII); *Neal v. Siegel-Robert, Inc.*, 171 F.R.D. 264 (E.D. Mo. 1996) (ADEA); *Ricks v. Abbott Laboratories,* 198 F.R.D. 647, 648-49 (D. Md. 2001) (Title VII and ADEA); *Ford v. Contra Costa County*, 179 F.R.D. 579, 580 (N.D. Cal. 1998) (Title VII); *Bowen v. Parking Authority of the City of Camden*, 214 F.R.D. 188 (D.N.J. 2003); *Jackson v. Chubb Corp.*, 193 F.R.D. 216 (D.N.J. 2000) (race discrimination); *Gaines-Hanna v. Farmington Public Schools*, 2006 WL 932074 (E.D. Mich. April 7, 2006) (§ 1983, Title IX and other claims); *Jessamy v. Ahren*, 153 F. Supp. 2d 398 (S.D.N.Y. 2001) (§ 1983); *Johnson v. Trujillo*, 977 P.2d 152, (Colo. 1999); *Dochniak v. Dominium*, 2006 WL 3157131 (D.Minn. Sept. 25, 2006) (Title

VII); *Greenberg v. Smolka*, 2006 WL 1116521 (S.D.N.Y. Apr. 27, 2006); *Kuntsler v. Ashcroft*, 2006 WL 2516625 (S.D.N.Y. Aug. 29, 2006) (civil rights violations).

Under either the narrow or the middle-ground approach, plaintiffs here would not be deemed to have waived the privilege. While we believe the narrow approach is the one contemplated by *Jaffee v. Redmond*, either approach avoids the consequence to which we have adverted, namely, the prospect of a finding that almost all civil rights plaintiffs will have waived the privilege. We also believe that either of those approaches, but not the broad approach, is consistent with the Second Circuit's decision in *Kerman*.

### B.   The Meaning of *Kerman*

This Court's adoption of the broad approach to waiver in *Hershey-Wilson* was premised on the fact that the plaintiff put her mental history at issue by seeking damages for emotional distress as a result of her unlawful arrest and detention. But *Kerman* calls that premise into question. *Kerman* held that, upon proof of a false imprisonment, a plaintiff was entitled to general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." *ibid.* at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" *Ibid.* at 125, quoting McCormick, *supra*, § 107 at 376. What that means is that in every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not*.

It is true, as this court noted in *Hershey-Wilson v. City of New York*, 2006 WL 2714709

6

(S.D.N.Y. 2006) at *1 n.2, that *Kerman* was "not about the scope of discovery" of psychotherapy records. But the reasoning of *Kerman* undermines the rationale for the broad approach to waiver. The assumption behind that approach is that the allegation of emotional distress puts the plaintiffs' mental history at issue and, therefore, subjects that history to discovery. But if, as *Kerman* says, no such allegation is necessary as a condition of recovering damages for emotional distress, then the plaintiff's emotional distress is put at issue merely by the assertion of a claim of unlawful detention. Under the broad approach to waiver, that would mean that the mere filing of a false imprisonment claim would constitute a waiver of the psychotherapist-patient privilege and would subject the plaintiff to an examination of her history of psychotherapy. No case has reached that result. Nor could it consistent with *Jaffee*.

### C. The Issue of Trial Testimony

The City argues that, if this Court upholds the decision of Judge Francis dismissing the emotional distress allegations, plaintiffs should be precluded from offering "any testimony or other evidence through any witness, at trial or otherwise, concerning her alleged mental anguish or emotional distress (however articulated). . . ." Order of Dismissal annexed as Ex. AA to Mirro Dec. *See also* Defendants' Memorandum at 24-25. In other words, the City's position is that, whether or not it is alleged in the complaint, if a civil rights plaintiff wants to describe to a fact-finder the emotional distress she experienced as a result of being unlawfully imprisoned, she must permit the City to examine her life's record of psychotherapy.

It is hard to imagine a result more at war with the purposes underlying § 1983. It is also a result that is flatly contrary to the holding in *Jaffee*. It may be true that rummaging around a plaintiff's psychological history may produce a glimmer of evidence relevant to an allegation that

7

a period of false imprisonment caused the anguish she suffered while being unlawfully detained. But that is no more than to say than such evidence has some probative value. That is not sufficient, however to compel waiver of the privilege. As the Court said in *Jaffee*, 518 U.S. at 9-10, the psychotherapist-patient privilege "promotes sufficiently important interests to outweigh the need for probative evidence."

Therefore, something more than mere probative value must be shown in order to overcome the protection afforded by the privilege. That "something" is either the affirmative use of psychiatric evidence by a plaintiff, which is required by the narrow approach, or the presence of an out-of-the-ordinary, diagnosable condition that is required by the middle-ground approaches.

## II.

### IF THE COURT UPHOLDS MAGISTRATE JUDGE FRANCIS' ORDER, IT SHOULD CERTIFY THE ISSUE FOR APPEAL

The Court has previously declined to certify an appeal in *Hershey-Wilson* on the grounds that the issue presented there merely related to discovery. However, two different issues are presented here. In *Hershey-Wilson,* the order presented for review merely compelled the production of mental health records. The instant Rule 72 motion, however, seeks review of an order striking the plaintiffs' claim for emotional distress damages. In addition, the City requests that the plaintiffs should be precluded from testifying about their emotional reaction to being falsely imprisoned. The dismissal of the claim and the barring of trial testimony present questions that are no longer merely about discovery. Assuming that the plaintiffs prevail after trial, a ruling that would bar such testimony will inevitably affect the damage award and lead to

an appeal. If the appeal were successful, then there would be a new trial.

Permitting an appeal at this juncture will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The issue of what approach this court should take to waiver of the patient-psychotherapy privilege "involves a controlling question of law as to which there is substantial ground for difference of opinion. . . ." *Ibid.* Accordingly, if the court upholds the order of JudgeFrancis, the issue should be certified for appeal.

Respectfully submitted,

ALAN LEVINE
99 Hudson Street, 14th Floor
New York, N.Y. 10013
(212) 739-7506

MICHAEL SPIEGEL
111 Broadway, Suite 1305
New York, N.Y. 10006
(212) 587-8558

Dated: February 9, 2007
      New York, New York