# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

KAITLYN TIKKUN,

                     Plaintiff,

 

CITY OF NEW YORK, et al.

                 Defendants.

_____

**OBJECTION TO RULING**
**OF MAGISTRATE JUDGE**

05 cv. 9901(RJS)(JCF)

## PLAINTIFF'S OBJECTIONS, PURSUANT TO FED. R. CIV. P. 72
## TO MAGISTRATE JUDGE FRANCIS' NOVEMBER 5, 2007 ORDER
## DISMISSING PLAINTIFF'S CLAIMS FOR EMOTIONAL DISTRESS

Plaintiff was among several hundred individuals arrested on August 31, 2004 on E. 16th St. between Union Square East and Irving Place during the Republican National Convention ("RNC"). During the course of her detention, she was subjected to sexual harassment and overly invasive and unlawful searches of her person by officers of the New York City Police Department ("NYPD"), as well as discrimination based on sexual orientation and gender identity. She is asserting violations of her rights under the First, Fourth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, as well as numerous state law claims.

## PROCEDURAL HISTORY

On October 17, 2007, Assistant Corporation Counsel Gerald S. Smith moved to dismiss plaintiff's emotional distress claims. On November 2, 2007, the undersigned

opposed defendants' application,[1] relying in part upon and attaching a brief which had been submitted on the same issue to this Court in response to a similar application in *Abdell v. City of New York, et al.*, Civ. A. No. 05-8453.[2]

On November 5, 2007, by Memo Endorsed Order,[3] the defendants' motion to dismiss plaintiff Tikkun's emotional distress claims was granted. Plaintiff now appeals from that decision.

## STANDARD OF REVIEW

Because the sanction imposed by Magistrate Judge Francis was dispositive of the plaintiff's mental and emotional distress claims, Fed. R. Civ. P. 72(b) requires this Court to review the November 5, 2007 Order *de novo*. *See Cohen v. City of New York, et al.*, 2007 U.S. Dist. LEXIS 70762, at *8-9 (S.D.N.Y. September 21, 2007) (Karas, J.).

## ARGUMENT

Plaintiff's objections present substantially similar issues to those addressed by Judge Karas in *Cohen*. Accordingly, plaintiff hereby incorporates by reference the arguments made by counsel for plaintiffs in *Abdell* as set forth in Exhibit B.

As emphasized in plaintiff's opposition to defendants' motion to dismiss, attached hereto as Exhibit A, plaintiff explicitly stipulated by letter dated October 8, 2007 that she is not seeking to recover damages for any severe or serious diagnosable psychological injury or any aggravation of any pre-existing psychiatric condition arising

---

[1] Plaintiff's opposition to defendants' motion to dismiss her emotional distress claims is attached hereto as Exhibit A.

[2] The *Abdell* February 9, 2007, Reply Memorandum in Support of Plaintiffs' Objections, Pursuant to Rule 72, Fed. R. Civ. P., to Magistrate Judge Francis' Order Dismissing Claims for Mental and Emotional Injury is attached as Exhibit B.

[3] Attached as Exhibit C.

from defendants' misconduct. Plaintiff does not intend to offer any psychiatric records or testimony on the part of treating psychiatrists or therapists in support of her emotional damages claim, nor does she herself intend to testify as to the onset or aggravation of any serious psychological condition proximately caused by her arrest and subsequent detention. Her emotional distress claims are limited to damages for the mental anguish she suffered during and for a short period of time following her incarceration, including fear, shock, humiliation, and embarrassment, sleep disruption and nightmares, and her ongoing fear and anxiety in the presence of NYPD officers and in connection with attendance at or participation in events that might be perceived by police to be political demonstrations.

In other words, plaintiff is limiting her emotional damages claim to what is frequently referred to as a "garden variety" emotional distress claim, the assertion of which "most courts," including several within this Circuit,[4] have rejected as a basis for automatic waiver of the absolute psychotherapist-patient privilege established by the U.S. Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1 (1996).

Plaintiff's objection relies primarily on the opinion in *Kunstler v. The City of New York*, 242 F.R.D. 261 (S.D.N.Y. 2007) (Sweet, J.), in which plaintiffs asserted "an emotional injury that a well-adjusted person could be expected to suffer in like circumstances, a so called 'garden variety' distress claim," distinguishing such a claim from one for "a serious psychological injury." *Id.* at 264. The Court, upholding

---

[4] *Kunstler v. City of New York et al.*, No. 04-1145, 2006 U.S. Dist. Lexis 61747 at *27 (August 29, 2006, S.D.N.Y.), *aff'd*, 242 F.R.D. 261 (S.D.N.Y. 2007) (citing cases); *see also Brown v. Mineta*, No. 03-2524 (E.D.N.Y. October 14, 2005); *and see* Pls.' Reply, *Abdell v. City of New York et al.*, No. 05-8453 (February 9, 2007) (citing cases) attached

Magistrate Judge Dolinger's Memorandum and Order denying defendants' motion to dismiss plaintiff's claims for failure to produce psychiatric records, held that the defendants

> had not established the justification for turning over sensitive psychological information. Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffe*, represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975), as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991), is compelling.

*Id.*

Additionally, plaintiff's circumstances are somewhat unique among the RNC cases in that she is a transgender woman whose extensive psychiatric history is related in large part to requirements for receiving appropriate treatment and medication for the purposes of maintaining her gender identity. As a result, her psychiatric records contain information of an exceedingly private nature relating to her gender identity and sexuality which is wholly irrelevant to her claims in this case. Accordingly, in the event that this Court takes a position different from that of the *Kunstler* Court on the issue of waiver of psychotherapist-patient privilege where "garden variety" emotional distress claims are asserted, plaintiff should be protected from disclosure of her psychological records pursuant to the alternate holding in *Kunstler* that, under the balancing test required by Fed. R. Civ. P. 26(c), defendants had not established sufficient justification for turning over sensitive psychological information. *See id.*

In the event this Court affirms Magistrate Judge Francis' November 5, 2007 Order dismissing plaintiffs' mental and emotional distress claims, plaintiff would

as Exhibit A.

respectfully request certification of the issue to the Second Circuit.  As noted by counsel

for plaintiffs in *Abdell v. City of New York*, in their November 6, 2007 submission to

this Court,

> [t]he case for certification is a strong one since, even if plaintiffs were to prevail at trial, they would be entitled to appeal the elimination from their case of that part of their damage claims.  If the appeals court then ruled in their favor on the waiver issue, plaintiffs would be entitled to a new trial.  In light of the fact that the Court of Appeals will likely hear the issue now before this Court – either before trial or after – it would serve judicial economy and the efficient adjudication of the many RNC cases in which this issue has arisen, to have the Court of Appeals resolve the issue *before* trial.

Dated:  November 19, 2007
New York, New York

Respectfully submitted,


Andrea J. Ritchie, Esq. (AR2769)
428 Park Place, 2B
Brooklyn, NY 11238
*Attorney for Plaintiff*

cc: all RNC counsel via electronic distribution list and ECF

5