UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                      )
KAITLYN TIKKUN,                       )
                                      )
                    Plaintiff,        )
                                      )
                                      )
                                      )
CITY OF NEW YORK, *et al.*            )    05 cv. 9901(RJS)(JCF)
                                      )
                    Defendants.       )
                                      )
_____)


**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S OBJECTIONS, PURSUANT TO FED. R. CIV. P. 72
TO MAGISTRATE JUDGE FRANCIS' NOVEMBER 5, 2007 ORDER
DISMISSING PLAINTIFF'S CLAIMS FOR EMOTIONAL DISTRESS**

Plaintiff submits this Reply Memorandum in response to Defendants' Memorandum of Law in Opposition to Plaintiff's Objections, accompanying Declaration of Jeffrey A. Dougherty, and the exhibits thereto ("Defendants' Memorandum"). Plaintiff hereby incorporates by reference the Replies of plaintiff's counsel in *Abdell et al. v. City of New York, et al.*, 05 cv 8453 (RJS)(JCF) and *Phillips et al. v. City of New York et al.*, 05 cv 7624 (RJS)(JCF).

**PROCEDURAL HISTORY**

As an initial matter, plaintiff objects to defendants' mischaracterization of her counsel's respectful expression of disagreement with Magistrate Judge Francis' and

1

Judge Karas' prior rulings on the discoverability of mental health records under circumstances such as presented by the cases at bar as a "willful violation" of Magistrate Judge Francis' Orders. (Defendants' Memorandum at 12, 23) As is evident from the transcript of plaintiff's counsel's colloquy with the Court during plaintiff's deposition, (attached as Ex. CCC to the Declaration accompanying Defendants' Memorandum),[1] plaintiff in this case, as in others, has merely taken the only procedural route available to her to appeal rulings she believes to be contrary to law and public policy. Needless to say, compliance with the Orders in question and subsequent appeal would be fruitless, as plaintiff would irreparably suffer the very harm she seeks to avoid - unnecessary disclosure of her exceedingly private mental health records - by proceeding in this fashion.

## STANDARD OF REVIEW

Defendants' suggestion that this Court should apply a bifurcated standard of review to plaintiff's objections is inappropriate in the instant case. As is apparent from the transcript of plaintiff's deposition attached as Ex. CCC to the Declaration accompanying Defendants' Memorandum, Magistrate Judge Francis ruled on the issue of whether plaintiff should be required to disclose her mental health history and dismissal of her emotional distress claims in the same breath. Tikkun Deposition Tr. at 96:23 - 97:2. As a result, the dispositive issue of dismissal of plaintiff's emotional distress claims is inextricably intertwined with the implicit requirement that she submit

---

[1] *See* Tikkun deposition Tr. at 96:7-22 ("...with all due respect to Judge Karas, we believe that was wrongly decided...We need to do it this way because again, like all of the other...RNC counsel, we plan to ultimately

to discovery of her mental health history.[2]

Accordingly, the dismissal of plaintiff's emotional distress claims, which inherently raises the question of whether discovery of her mental health history is appropriate under the circumstances, should be reviewed *de novo.*

## ARGUMENT

### I. **Plaintiff is not claiming to have sustained any serious or diagnosable psychological injury as a result of defendants' actions, and therefore has not waived the psychotherapist-patient privilege**

Nothing in defendants' opposition or supporting exhibits undermines plaintiff's assertion that she is not seeking to recover damages for any severe or serious diagnosable psychological injury or any aggravation of any pre-existing psychiatric condition arising from defendants' misconduct. *See Kunstler v. The City of New York*, 242 F.R.D. 261, 264 (S.D.N.Y. 2007) (Sweet, J.). Indeed the deposition testimony relied upon by defendants describes, at most, the emotional response that "a well-adjusted person" would likely have to the conduct attributed to defendants - namely being forcibly subjected to a search during which officers unlawfully squeezed and touched her breast and genital areas in a manner experienced as a sexual assault. *See id.* at 264.

Plaintiff's emotional harm is therefore distinguishable from the type of injury referenced by Judge Karas during the August 29, 2005 hearing which informed the

---

take this to the Second Circuit...").

[2] Plaintiff addressed both matters simultaneously in her opposition to defendants' motion to dismiss her emotional distress claims before Magistrate Judge Francis, attached as Ex. A to her Fed. R. Civ. P. 72 Objections to Judge Francis' subsequent November 5, 2007 Order.

subsequent decisions compelling production of mental health records in the RNC cases relied upon by defendants. (*See* Ex. JJJ to Declaration accompanying Defendants' Memorandum ) During the hearing in question, Judge Karas described the type of injury that would "put into play any sort of psychological history" as "anxiety as a form of psychological trauma, potentially a very serious form of psychological trauma…". As clearly stated in plaintiff's counsel's October 8, 2007 letter to defendants, attached as Ex. EEE to the Declaration accompanying Defendants' Memorandum, contrary to defendants' assertions (Defendants' Memorandum at 11 n. 40), Ms. Tikkun is *not* claiming to have suffered from post-traumatic stress disorder, depression, or any other diagnosable or serious psychiatric condition or trauma as a result of defendants' conduct. Defendants should not be permitted to bootstrap plaintiff's description of her experience as "horrific," giving rise to feelings of being "violated" and persistent discomfort in the presence of police, into a claim of a severe or diagnosable psychological injury.[3]

  The instant case is similarly distinguishable from *Oliphant v. Dept. of Trans.*, 171 Fed. Appx. 885, 2006 WL 522126 *2 (2d Cir. March 3, 2006), in which the plaintiff claimed "extreme emotional distress." Moreover, in citing *Oliphant*, defendants neglected to indicate that the Second Circuit expressly reserved judgment as to whether the psychotherapist-patient privilege was waived under the circumstances presented. *Id.*

---

[3] Notwithstanding plaintiff's training as an emergency medical technician ("EMT"), she is in no way qualified to diagnose herself with any psychological or psychiatric injury. Therefore her references to the "trauma" she experienced during and following her arrest and detention or to being "traumatized" should by no stretch of the imagination give rise to a finding that she is claiming a serious or severe diagnosable psychological injury of the type referenced by Judge Karas. Likewise, her responses to defense counsel's questioning regarding whether she sustained any emotional injuries or suffered emotional distress as a result of her arrest and detention describe the type of response any reasonably well-adjusted person

at 888. ("As the Supreme Court noted in *Jaffee*, however, the psychotherapist-patient privilege, like other testimonial privileges, may be waived. (internal citation omitted) Although we have not ruled on the precise circumstances in which a waiver is effective, we have no jurisdiction to consider that question here…"). It is also distinguishable from *Montgomery v. New York State Office of Mental Health*, 00 Civ. 4189 (JSM)(KNF), 2002 U.S. Dist. LEXIS 5607 at * (S.D.N.Y. April 2, 2002), in which the court held that plaintiff had alleged "much more than garden-variety emotional distress," and relied heavily on the fact that plaintiff had signed a waiver allowing defendants' access to her mental health records only to subsequently refuse to allow the therapist to be deposed.

Accordingly, plaintiff maintains that her claim of emotional distress does not warrant a finding that the psychotherapist-patient privilege established in *Jaffee v. Redmond*, 518 U.S. 1 (1996) has been waived.

### II. Defendants have not demonstrated compelling need for plaintiff's mental health records

As defendants themselves admit, nothing precludes them from exploring and suggesting alternative causes of emotional distress and damages alleged to have arisen from plaintiff's false arrest and subsequent detention. *See* Defendants' Memorandum at 21. Defendants have not established that access to plaintiff's mental health records is necessary to "craft a viable defense" to her emotional distress claims - indeed, nothing prevents defendants from questioning or cross-examining plaintiff concerning concurrent stressors in an effort to undermine her claims of emotional distress resulting from her arrest and detention. Defendants have already inquired at length into these

---

would have to the conduct on the part of NYPD officers she described during her deposition testimony.

areas during plaintiff's deposition, including into the "unique" stressors associated with her transgender status, and have obtained considerable discovery of plaintiff's e-mails and writings.

Accordingly, plaintiff submits that her claim that she suffered emotional distress as a result of her false arrest and detention does not mandate that defendants be permitted full access to any and all mental health records, particularly where, as in this case, such records are largely irrelevant and exceedingly sensitive.

### III. Certification to the Second Circuit in the event of denial of plaintiff's objections is appropriate and warranted

Defendants concede that there is a "district court split" on the issues raised by plaintiff's objections. (Defendants' Memorandum at 18). Indeed the recent decisions in *Kunstler* and *Greenberg* arguably reflect an emerging trend towards conformity with the approach adopted by courts in many other jurisdictions. *See* Pl's Reply, *Abdell et al. v. City of New York, et al.*, 05 cv 8453 (February 9, 2007) (gathering cases), attached as Ex. B to Plaintiff's Objections.

Accordingly, in the event that this Court elects to adopt Judge Karas' prior approach in these cases, certification of the question of whether the psychotherapist-patient privilege is waived by assertion of "garden variety" emotional damages is appropriate, as the above-referenced decisions give rise to "substantial ground for difference of opinion" sufficient to justify certification for appeal pursuant to 28 U.S.C. § 1292(b). Resolution of the matter at this stage of the litigation would "materially advance the ultimate termination of the litigation" by obviating the need for successive

trials in the event that plaintiff prevails on appeal, thereby conserving the parties' and the Court's time and resources.

Dated: March 24, 2008
New York, New York

Respectfully submitted,

/s/ Andrea Ritchie

Andrea J. Ritchie, Esq. (AR2769)
428 Park Place, 2B
Brooklyn, NY 11238
*Attorney for Plaintiff*

cc: all RNC counsel via electronic distribution list and ECF