**Andrea J. Ritchie, Esq.**
428 Park Pl., 2B
Brooklyn, NY 11238
(646) 831-1243 · andreajritchie@aol.com

---

March 27, 2008

Hon. James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007-1212

<u>**VIA FACSIMILE: (212) 805-7930**</u>

Re:   *Tikkun v. City of New York, et al.*
      05 Civ. 9901 (RJS) (JCF)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/08
```

Dear Judge Francis:

Further to the discussion on the record during yesterday's status conference, plaintiff respectfully requests an extension of time with which to comply with Your Honor's March 19, 2008 Order requiring the parties to identify non-party fact witnesses they reasonably expect to call at trial, to the extent the Order reaches individuals who did not witness events relating to plaintiff's arrest and detention on August 31, 2004.

As stated on the record, in support of her *Monell* claims, plaintiff intends to rely on non-party witnesses who have had experiences similar to her own while in NYPD custody or at the hands of NYPD officers, but who did not directly witness any events relating to plaintiff's arrest and detention on August 31, 2004. Such witnesses are necessary to prove the NYPD and City had the requisite notice of its failure to properly train and supervise officers who commit unconstitutional searches of people perceived to be transgender or gender nonconforming and to demonstrate a *de facto* pattern and practice of such unlawful, invasive and unwarranted searches. *See Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995); *Walker v. City of New York*, 974 F.2d 293, 297, 300 (2d Cir. 1992); *Fiacco v. City of Rensselaer*, 783 F.2d 319, 328 (2d Cir. 1986); *see also Green v. City of New York, et al.*, 465 F.3d 65, 80 (2d Cir. 2006); *Sorlucco v. New York City Police Dept.*, 971 F.2d 864, 870-71 (2d Cir. 1992); *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 545 (S.D.N.Y. 2005).

As further indicated, until yesterday's status conference, plaintiff's counsel understood Your Honor's reference in the March 19, 2008 Order to "fact witnesses" to be limited to individuals with knowledge of plaintiff's arrest and detention, and did not understand it to reach witnesses plaintiff may call in support of her *Monell* claims until so specified by the Court during the conference. Accordingly, plaintiff requires

1

additional time to continue to identify those fact witnesses she intends to rely on in support of her *Monell* claims.

Plaintiff has diligently engaged in investigation aimed at identifying such witnesses in the interstices of the rigorous discovery and motion schedules in these RNC cases. However, due to the sensitive nature of these matters, and the fact that many individuals who have had experiences similar to plaintiff's while in NYPD custody are represented by counsel and may be involved in pending litigation, plaintiff's counsel requires additional time to definitively identify individuals whose testimony she reasonably expects, at this time, to rely on in support of a motion for summary judgment or at trial.

Plaintiff's counsel approached the Assistant Corporation Counsel assigned to this case, Gerald Smith, following yesterday's status conference to inquire as to whether there was any period of time for which he would be inclined to consent to an extension. Defense counsel refused to consent to an extension of time for any period of time whatsoever.

**Plaintiff therefore respectfully requests until April 21, 2008 to comply to with Your Honor's March 19, 2008 Order with respect to *Monell* fact witnesses in the above-referenced case.**

Respectfully submitted,

*Andrea Ritchie*

Andrea J. Ritchie
(AR 2769)
Counsel for Plaintiff Kaitlyn Tikkun

cc:   G. Smith, Assistant Corporation Counsel

3/28/08
Application granted with respect to *Monell* fact witnesses.
SO ORDERED.
James C. Francis IV
USMJ

2

TOTAL P.03