**Andrea J. Ritchie, Esq.**
*991 President St. #4A,*
*Brooklyn, New York 11225*
(646) 831-1243 • *andreajritchie@aol.com*

---

May 29, 2008

Honorable James C. Francis, IV
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl St.
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08
```

**MEMO ENDORSED**

**VIA FACSIMILE: (212) 805-7930**

      Re:   <u>Kaitlyn Tikkun v. City of New York, et al.</u>
             05-CV-9901 (RJS) (JCF)

Dear Judge Francis:

      Plaintiff respectfully requests an extension of time until June 30, 2008 to serve the Amended Complaint on several defendants in this matter.

      As your honor may recall, defendants have been exceedingly obdurate in responding to Plaintiff's Interrogatory No. 9, served August 1, 2006, requesting that they "[i]dentify all NYPD or DOC employees who had any contact with plaintiff at Central Booking or the Mass Arrest Processing Center." Defendants initially referred plaintiff to their previous discovery responses, which contained no sign-in or attendance sheets for the MAPC. Upon being ordered by the Court on August 8, 2007 to *immediately* produce sign-in sheets, attendance logs, or any other documents identifying NYPD and DOC personnel present at the MAPC on August 31 and September 1, 2004, defendants produced the attached document (Ex. A) on August 17, 2007, with no further information whatsoever regarding which of the individuals listed were on duty on the dates in question at the relevant times, and no further identifying information concerning the individuals listed thereon.

      As outlined in considerable detail in plaintiff's March 17, 2008 Reply in support of her January 22, 2008 Motion to Compel, plaintiff has persistently and repeatedly asked defendants identify, as required by this Court's August 8, 2007 Order, which among the numerous individuals listed on the attached document were actually on duty during the period Ms. Tikkun was detained, or have any knowledge of Ms. Tikkun or of any transgender person detained at MAPC on the dates in question. Additionally, plaintiff's counsel has attempted on a number of occasions to negotiate a process with the City by which individuals with relevant knowledge could be identified from within the universe of individuals listed on

the MAPC duty roster who could potentially have been involved in or had knowledge of the unconstitutional conduct plaintiff alleges. *See, e.g.* Ex. B. May 15, 2008 and May 20, 2008 e-mails between A. Ritchie and G. Smith; February 1 and 2, 2008 e-mails between A. Ritchie and G. Smith (Ex. I . to Pl.'s March 14, 2008 Reply); November 6, 2007 e-mail from A. Ritchie to G. Smith (Ex. E to Pl.'s March 14, 2008 reply).

In the interests of efficiency for both parties, plaintiff has waited to serve and depose¹ the remaining individuals listed on the MAPC duty roster on the assumption that defendants would comply with their discovery obligations and this Court's Orders by providing additional information, which is exclusively within defendants' knowledge and control, narrowing the field of individuals plaintiff would need to pursue as defendants. Unfortunately, defendants have refused to do so.

Additionally, plaintiff has been unable to determine a location for service for many of defendants listed on Exhibit A given the limited information contained thereon. On May 29th, defense counsel finally provided full names and shield numbers for some, but not all of the relevant individuals. Defendants have yet to provide full names or badge numbers for three sworn police officers listed on Exhibit A as having been assigned to the MAPC during the RNC. Finally, five of the individuals listed on Exhibit A appear to be civilian NYPD employees, for whom the NYPD Uniform Division will not release command information for privacy reasons.

Plaintiff will have otherwise served all of the new defendants in this matter with the Amended Complaint by the expiration of the 120 period provided for by Fed. R. Civ. P. 4(m) on June 5, 2008.

**Accordingly, plaintiff respectfully requests that defendants be ordered to produce, by no later than June 6, 2008, accurate identifying information and/or commands for the following sworn officers listed on Ex. A as having been assigned to the Mass Arrest Processing Center during the RNC, or provide an affidavit explaining why they are unable to do so: Stremel, Barnes, Carr, Campbell, Jacques, Harrison.**

**Additionally, plaintiff requests that defendants provide a work or home address for the following civilian employees listed on Ex. A as having been assigned to the Mass Arrest Processing Center during the RNC, accept service on their behalf, or provide an affidavit**

---

¹ The depositions of all 21 individuals identified on Ex. A as having been assigned to areas in which female arrestees were processed were noticed on August 27, 2007. To date, defendants have only offered dates for the depositions of P.O. G. Cancel and P.O. A. Rubio.

2

indicating why they are unable to do so: Blakeney, Williams-Anderson, Pagan, Works, Williams-Robinson.

Finally, plaintiff respectfully requests an extension of time until June 30, 2008 to serve the above referenced defendants with the Amended Complaint in this matter.

Defendants have indicated their intent to object to plaintiff's request.[2]

Respectfully submitted,

*[signature]*

Andrea J. Ritchie (AR 2769)
Counsel for Plaintiff Kaitlyn Tikkun

cc:  G. Smith
     Assistant Corporation Counsel (via facsimile)

*[handwritten: 6/3/08]*

*[handwritten: Application granted as modified.*

*SO ORDERED.*

*James C. Francis IV*
*USMJ]*

---

[2] Defendants' position in this regard is all the more perturbing given their consistent failure to meet court imposed deadlines in this case, including, most recently, the May 16, 2008 deadline for service of responses to plaintiff's second set of interrogatories set forth in this Court's April 22, 2008 motion. Defendants did not serve their responses until May 21.

3